UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
DONALD G. JACKMAN, JR.,        :
                              :
    Plaintiff,                 :   Civ. No. 15-6028 (NLH)
                              :
  v.                          :   OPINION
                              :
5751 UNIT TEAM FORT DIX, et al., :
                              :
    Defendants.                :
_____:

APPEARANCES:
Donald G. Jackman, Jr., # 06804-068
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Donald G. Jackman, Jr., a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this civil action asserting claims under 28 U.S.C § 2201. (ECF No. 1).  This case was previously administratively terminated due to Plaintiff's failure to satisfy the filing fee requirement. (ECF No. 3).  On or about September 8, 2015, Plaintiff submitted an application to proceed in forma pauperis, without prepayment of fees or security. (ECF No. 4).

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, prohibits a prisoner from bringing a civil action in forma pauperis, however, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A prisoner's entire action or appeal must be dismissed on grounds enumerated in § 1915(g) to count as a "strike." Byrd v. Shannon, 715 F.3d 117, 125 (3d Cir. 2013). Moreover, a strike under § 1915(g) will accrue "only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Id. at 126.

Dismissals for frivolousness of civil actions or appeals, prior to the 1996 amendment of § 1915, count as "strikes" under 28 U.S.C. § 1915(g). See Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997). Further, "strikes" under § 1915(g) can be accrued in actions or appeals where the prisoner has prepaid the filing fee, as well as in actions or appeals where the prisoner is proceeding in forma pauperis. Byrd v. Shannon, 715 F.3d at 124.

While incarcerated, Plaintiff in this case has had at least three prior federal civil actions dismissed as frivolous or malicious, or for failing to state a claim upon which relief may be granted. See, e.g., Jackman v. Cohill, Civil Action No. 09-2950 (N.D. Ohio); Jackman v. Lappin, Civil Action No. 11-0016

(N.D. Ohio); Jackman v. McMillan, Civil Action No. 06-0051 (W.D. Pa.); Jackman v. Federal Bureau of Prisons, Civil Action No. 07-0241 (W.D. Pa.); Jackman v. United States Dept. of Justice, Civil Action No. 08-0237 (W.D. Pa.).

In fact, this Court twice previously denied Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). See Jackman v. U.S. Fed. Bureau of Prisons, No. 13-7176, 2014 WL 906803, at *1 (D.N.J. Mar. 7, 2014); Jackman v. Fed. Bureau of Prisons, No. 12-2414, 2013 WL 3283954, at *1 (D.N.J. June 26, 2013).

Finally, the allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied and the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to re-open within

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc.

4

45 days by prepaying in full the $350 filing fee and the $50 administrative fee.

    An appropriate Order will be entered.

                                        _____s/ Noel L. Hillman___  
                                        NOEL L. HILLMAN  
                                        United States District Judge

Dated:   October 27, 2015  
At Camden, New Jersey

---

Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

5