UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____ :
                                      :
DONALD G. JACKMAN, JR.,               :
                                      :
        Plaintiff,                    :    Civ. No. 15-6028 (NLH)
                                      :
    v.                                :    OPINION
                                      :
5751 UNIT TEAM FORT DIX, et al.,      :
                                      :
        Defendants.                   :
_____ :

APPEARANCES:
Donald G. Jackman, Jr., # 06804-068
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se


HILLMAN, District Judge

    This matter is presently before the Court upon receipt of a
Motion to Alter or Amend the Judgment by Plaintiff Donald G.
Jackman, Jr., a prisoner confined at the Federal Correctional
Institution ("FCI") in Fort Dix, New Jersey.  Plaintiff's motion
seeks alteration of this Court's Opinion and Order (ECF Nos. 5,
6) which denied Plaintiff in forma pauperis status and
administratively terminated his case.  For the reasons set forth
below, Plaintiff's motion will be DENIED.

                I.    BACKGROUND

    On or about August 3, 2015, Plaintiff filed this civil
action asserting claims under 28 U.S.C § 2201. (ECF No. 1).

However, on August 24, 2015, the case was administratively terminated due to Plaintiff's failure to satisfy the filing fee requirement. (ECF No. 3).  On or about September 8, 2015, Plaintiff submitted an application to proceed in forma pauperis, without prepayment of fees or security (ECF No. 4) and the case was reopened for review by a judicial officer.  On October 27, 2015, the Court denied Plaintiff's application for in forma pauperis status pursuant to 28 U.S.C. § 1915(g) because he had at least three prior federal civil actions dismissed as frivolous or malicious, or for failing to state a claim upon which relief may be granted. (ECF No. 5).  The case was again administratively terminated. (ECF No. 6).  On or about November 11, 2015, Plaintiff filed a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e), (ECF No. 7), and the case was again reopened for review by a judicial officer.

## II.  STANDARD OF REVIEW

"A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." Star Pac. Corp. v. Star Atl. Corp., 574 F. App'x 225, 231 n.4 (3d Cir. 2014) (quoting N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d

Cir. 1995) (quotation marks omitted)).  A motion to alter or amend judgment is left to the "sound discretion of the district court." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001).

III. DISCUSSION

As explained to Plaintiff in the Court's October 27, 2015 Opinion, Title 28 U.S.C. § 1915, prohibits a prisoner from bringing a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A prisoner's entire action or appeal must be dismissed on grounds enumerated in § 1915(g) to count as a "strike." Byrd v. Shannon, 715 F.3d 117, 125 (3d Cir. 2013).  Moreover, a strike under § 1915(g) will accrue "only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i),

1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Id. at 126.

Dismissals for frivolousness of civil actions or appeals, prior to the 1996 amendment of § 1915, count as "strikes" under 28 U.S.C. § 1915(g). See Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997). Further, "strikes" under § 1915(g) can be accrued in actions or appeals where the prisoner has prepaid the filing fee, as well as in actions or appeals where the prisoner is proceeding in forma pauperis. Byrd v. Shannon, 715 F.3d at 124.

In this Court's October 27, 2015 Order, it denied Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). Specifically, this Court found that Plaintiff had at least three prior federal civil actions dismissed as frivolous or malicious, or for failing to state a claim upon which relief may be granted while incarcerated. See, e.g., Jackman v. Cohill, Civil Action No. 09-2950 (N.D. Ohio); Jackman v. Lappin, Civil Action No. 11-0016 (N.D. Ohio); Jackman v. McMillan, Civil Action No. 06-0051 (W.D. Pa.); Jackman v. Federal Bureau of Prisons, Civil Action No. 07-0241 (W.D. Pa.); Jackman v. United States Dept. of Justice, Civil Action No. 08-0237 (W.D. Pa.). This Court also noted that it had twice previously denied Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). See Jackman v. U.S.

4

<u>Fed. Bureau of Prisons</u>, No. 13-7176, 2014 WL 906803, at *1
(D.N.J. Mar. 7, 2014); <u>Jackman v. Fed. Bureau of Prisons</u>, No.
12-2414, 2013 WL 3283954, at *1 (D.N.J. June 26, 2013).

Now, Plaintiff asserts that he is entitled <u>in forma</u>
<u>pauperis</u> status because "he has no available funds with which to
pay the filing fee or any partial filing fee associated with
this action." (Mot. 1, ECF No. 7).  Further, Plaintiff asserts
that none of the previous civil actions he filed were "actually
frivolous or malicious," although Plaintiff concedes that they
were "deemed as such." (<u>Id.</u>).  Plaintiff further asserts that
"the courts have a predisposition to find against Plaintiff,"
and that the courts have never addressed the merits of his
claims.  Plaintiff contends that this is evidence of bias and
constitutes a denial of access to the courts.  Plaintiff
concludes that "it is in the interests of justice and to prevent
a manifest injustice that permission to proceed <u>in forma</u>
<u>pauperis</u> be granted." (Mot. 4, ECF No. 7).

Finally, Plaintiff states that the Court's October 27, 2015
Order denying his request to proceed <u>in forma pauperis</u> is not
appealable because it does not constitute a final decision.
Accordingly, he asserts that this Court is denying him access to
the appellate court, and delaying access to justice.

A. <u>Analysis</u>

As an initial matter, Plaintiff does not allege either an intervening change in controlling law or the availability of new evidence which was not available previously.  Instead, his motion is premised upon the need to correct clear error of law or prevent manifest injustice.

Specifically, Plaintiff asserts that the previous courts who ruled on his federal civil actions erroneously determined that his filings were frivolous and malicious. (Mot. 3, 5, ECF No. 7).  To the extent Plaintiff believes that these rulings were improper, his appropriate avenue for relief was the filing of a direct appeal.  This Court cannot review the determinations made by district courts in Plaintiff's other civil actions.  Accordingly, this argument does not provide a basis for relief under Rule 59(e).

Additionally, the Court notes that Plaintiff asserts only that his cases were not frivolous or malicious; and he omits from his discussion the civil cases he filed that were dismissed for failure to state a claim.  As previously explained, a dismissal for failure to state a claim upon which relief may be granted — in addition to a dismissal based on frivolousness or maliciousness — counts as a "strike" under 28 U.S.C. § 1915(g). Many of Plaintiff's federal civil filings were, among other things, dismissed for failure to state a claim. <u>See, e.g.,</u>

Memorandum Opinion and Order, <u>Agramonte v. Shartle</u>, No. 09-790 (N.D. Ohio July 22, 2009) ECF No. 24 (dismissing multiple prisoner-plaintiff complaint under § 1915A for failure to state a claim under the Eighth Amendment); <u>Jackman v. Cohill</u>, No. 4:09 CV 2950, 2010 WL 1387718 (N.D. Ohio Mar. 31, 2010) (dismissing for improper venue, res judicata, statute of limitations, and failure to state a claim[1]); <u>Jackman v. McMillan</u>, No. 1:06-51, 2006 WL 995719, at *2 (W.D. Pa. Apr. 12, 2006) <u>aff'd,</u> 232 F. App'x 137 (3d Cir. 2007) (dismissing complaint because plaintiff sought recovery under general tort theories and, therefore, failed to set forth a viable claim under § 1983); <u>Jackman v. U.S. Dep't of Justice</u>, No. 08-237, 2008 WL 5082263, at *3 (W.D. Pa. Dec. 1, 2008) (dismissing for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2)(B)).  Because three or more of Plaintiff's previous federal civil cases were, in fact, dismissed as frivolous, malicious or for failure to state a claim, they were properly counted as "strikes" under § 1915(g).

---

[1] The Court notes that, pursuant to <u>Byrd v. Shannon</u>, 715 F.3d 117, 125 (3d Cir. 2013), a prisoner's entire action must be dismissed on grounds enumerated in § 1915 in order for the dismissal to count as a strike.  Although there were alternate grounds for dismissal in <u>Jackman v. Cohill</u> (improper venue, res judicata, statute of limitations), the court's dismissal for failure to state a claim did, in fact, apply to plaintiff's entire complaint. <u>See</u> <u>Jackman</u>, No. 4:09 CV 2950, 2010 WL 1387718 at *3.  Therefore, this dismissal counts as a strike for § 1915(g) purposes. <u>See</u> <u>Byrd</u>, 715 F.3d at 125.

Accordingly, Plaintiff has not presented a clear error of law which warrants relief under Rule 59(e).

Plaintiff has likewise failed to identify a manifest injustice that would occur if he is not granted relief under Rule 59(e).  To the extent Plaintiff asserts that manifest injustice exists because courts have never reached the merits of his claims, he is mistaken.  In fact, many courts have reached the merits of his claims because a determination that a complaint fails to state a claim is a determination on the merits.  See Ball v. Famiglio, 726 F.3d 448 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547, 188 L. Ed. 2d 565 (2014) (holding that a dismissal for failure to state a claim is presumed to be a judgment on the merits unless otherwise specified); see also, e.g., Jackman v. Lappin, No. 4:11CV00016, 2011 WL 2433507, at *2 (N.D. Ohio June 14, 2011) (explicitly making a merits determination and finding "that Jackman's claim lacks merit").

Also, in his motion Plaintiff frames the "three strikes" rule as effectively denying him access to the courts — a manifest injustice which he asserts must be prevented.  However, the Third Circuit has explained that the "three strikes" provision, which limits the number of lawsuits brought by prisoners with a history of meritless litigation, does not block a prisoner's access to the federal courts but merely denies the prisoner the privilege of filing before he has acquired the

8

necessary filing fee. See Ball, 726 F.3d 448; see also Coleman
v. Tollefson, 135 S. Ct. 1759, 1764, 191 L. Ed. 2d 803 (2015)
("The 'three strikes' provision was designed to filter out the
bad claims and facilitate consideration of the good.")
(quotations and citation omitted).  Here, as explained above,
Plaintiff has a lengthy history of meritless litigation;
therefore, the privilege of filing before he has acquired the
filing fee is foreclosed to him. Id.  This does not constitute a
manifest injustice which warrants relief under Rule 59(e).[2]

---

[2]    This Court also notes that Plaintiff alleges that his court
fees are "improper[ly] encumbering [] his inmate trust fund
account." (Mot. 2, ECF No. 7).  Specifically, Plaintiff asserts
that the BOP is "encumbering his account 100%, not the 20%
authorized by [statute]." (Id.).  Plaintiff likens his situation
to the plaintiff in Siluk v. Merwin, 783 F.3d 421 (3d Cir.
2015), as amended (Apr. 21, 2015), as amended (Apr. 28, 2015).
     However, the holding in Siluk was abrogated by the Supreme
Court's recent decision in Bruce v. Samuels, 136 S. Ct. 627,
631, 193 L. Ed. 2d 496 (2016).  Specifically, in Bruce, the
Supreme Court ruled that "§ 1915(b)(2) calls for simultaneous,
not sequential, recoupment of multiple filing fees."  Therefore,
Plaintiff's monthly income is not subject to a single, monthly
20% deduction for court fees.  Rather, if Plaintiff owes fees
for more than one court case, his fees shall be paid off
simultaneously, id., 136 at 193, and encumbering more than 20%
of Plaintiff's account is permissible.
     Further, this Court has reviewed the inmate trust account
statement that Plaintiff submitted with his in forma pauperis
application. (IFP App. 5-7, ECF No. 4).  It is evident from this
financial statement that the BOP did not deduct any funds for
court fees from Plaintiff's account for the documented six month
period.  Although the statement reveals a deduction in the
amount of $1.20 for four separate "Debt Encumbrance[s]" each
month, the statement also shows that those exact amounts were
replaced or "released" each month for each Debt Encumbrance.
(Id.).  Therefore, even assuming that this "Debt Encumbrance"
represents a court fee, the net result is that no funds were

Plaintiff further asserts that this Court is either denying or delaying his access to the appellate court because an order administratively terminating his Complaint is not appealable. (Mot. 5, ECF No. 7). However, an order denying a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is appealable. See, e.g., Hairston, Sr. v. Gronolsky, 348 F. App'x 716, 716-17 (3d Cir. 2009) (reviewing district court's order denying plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and administratively terminating his civil action for an abuse of discretion); Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003) ("As a result, the order is appealable because it terminated the action and precluded Redmond from proceeding IFP."); Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976) (order denying motion to proceed IFP is appealable because it has the effect of terminating the action). Accordingly, no manifest injustice exists here because Plaintiff may appeal this Court's Order denying him in forma pauperis status.

Finally, the Court notes that Plaintiff has not alleged, either in his initial Complaint, or in his Motion to Alter or

---

deducted for court fees during this six month period. A review of the inmate trust account provided reveals that Plaintiff received $6.00 from payroll each month; and the only deduction to Plaintiff's income was for "Sales – Fingerprint." (Id.). Accordingly, Plaintiff's assertion that his income is being "improper[ly] encumber[ed]" by court fees is without merit.

Amend, that he is in "imminent danger of serious physical injury" such that the restrictions of 28 U.S.C. § 1915(g) should be excused.

IV.  CONCLUSION

For foregoing reasons, Plaintiff's Motion to Alter or Amend the Judgment (ECF No. 7) will be DENIED.  This case will again be administratively terminated without filing the Complaint or assessing a filing fee.[3]  Plaintiff will be granted leave to apply to re-open within 45 days by prepaying in full the $350 filing fee and the $50 administrative fee.

An appropriate Order will be entered.


_s/ Noel L. Hillman____
NOEL L. HILLMAN
United States District Judge

Dated: April 7, 2016
At Camden, New Jersey

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).